# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-7435 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Nicole D. Lester v. Orchard Supply Company, LLC, et al. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:** IN CHAMBERS — COURT ORDER

On October 17, 2018, the Court ordered defendant Orchard Supply Company, LLC ("Defendant") to show cause why this action should not be remanded to state court on the grounds that Defendant's jurisdictional allegations were frivolous from the outset and/or lacked the expectation that a class would be eventually certified. (Docket No. 16.) Defendant has now filed a response (Docket No. 22), to which plaintiff Nicole D. Lester ("Plaintiff") has filed a reply (Docket No. 25).

Defendant filed its Notice of Removal on August 24, 2018, asserting that the Court had jurisdiction over this action on the basis of diversity jurisdiction under, and only under, the Class Action Fairness Act ("CAFA"). (Docket No. 1.) See 28 U.S.C. § 1332(d). Plaintiff's then-operative First Amended Complaint asserted causes of action for various state-law wage-and-hour violations, for which Plaintiff sought to represent a class and multiple subclasses, and a cause of action under California's Private Attorneys General Act ("PAGA"). (See Docket No. 1-1.) On October 15, 2018, the parties filed a stipulation that would allow Plaintiff to file a Second Amended Complaint dropping all of the wage-and-hour causes of action and proceeding only on the PAGA cause of action. (Docket No. 14.) The Court granted the parties' stipulation on October 16, 2018 (Docket No. 15), and Plaintiff filed her Second Amended Complaint (Docket No. 17).

In its response to the Order to Show Cause, Defendant argues that removal was proper under CAFA and that the Court continues to have subject matter jurisdiction over this action under CAFA. (See Docket No. 22.) Plaintiff contends that this action should be remanded for lack of jurisdiction now that only her PAGA cause of action remains. (See Docket No. 25.)

Defendant is correct that if jurisdiction was properly invoked under CAFA when Defendant removed this action, then the dismissal of Plaintiff's class claims would not deprive the Court of subject matter jurisdiction. See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1091-92 (9th Cir. 2010). However, Plaintiff is correct that the Court could not have CAFA jurisdiction over Plaintiff's PAGA cause of action, as "CAFA provides no basis for federal jurisdiction" over a PAGA claim. Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1119, 1122-24 (9th Cir. 2014) (holding that PAGA actions are

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7435 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Nicole D. Lester v. Orchard Supply Company, LLC, et al. | | |

not "class actions" within the meaning of CAFA); see also Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1062 (9th Cir. 2015) ("Where a plaintiff files an action containing class claims as well as non-class claims, . . . the CAFA diversity provisions cannot be invoked to give the district court jurisdiction over the non-class claims.").

In its Notice of Removal, Defendant asserted only that removal was proper under CAFA. Defendant did not assert that the PAGA claim was removable under the Court's diversity jurisdiction, see 28 U.S.C. § 1332(a), and that argument would have failed, as the PAGA cause of action does not satisfy the amount-in-controversy requirement. See Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) (holding that PAGA civil penalties may not be aggregated for purposes of the amount-in-controversy requirement).[1/] Accordingly, the Court has only supplemental jurisdiction over the PAGA cause of action. See 28 U.S.C. § 1367; see also, e.g., Barker v. U.S. Bancorp, No. 3:15-cv-1641-CAB-WVG, 2018 WL 340232, at *1 (S.D. Cal. Jan. 9, 2018); Vasquez v. P.F. Chang's China Bistro, Inc., No. CV 09-1408 DSF (RZx), 2010 WL 11596720, at *1-2 (C.D. Cal. Mar. 8, 2010).

Once supplemental jurisdiction has been established under 28 U.S.C. § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Exec. Software N. Am. v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994), overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008). The Court may decline supplemental jurisdiction under section 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Plaintiff stipulated with Defendant to dismiss her state-law class claims and to file a Second Amended Complaint including only her PAGA cause of action. (Docket Nos. 14, 15, 17.) Plaintiff thus

---

[1/]   The PAGA cause of action was premised on allegations of meal and rest period violations, inaccurate wage statements, and waiting time violations. (See Docket No. 1-1 ¶ 43.) The Notice of Removal based its calculations on one year of violations and stated that Defendant's employees were paid every two weeks. (See Notice of Removal ¶¶ 15-16.) Based on the allegations of the Notice of Removal and the then-operative First Amended Complaint, Plaintiff's PAGA cause of action put at most $14,025 in controversy, comprised of maximum penalties of $2,550 each for meal and rest period violations, see Cal. Labor Code § 558; a maximum penalty of $5,100 for wage-statements violations, see Cal. Labor Code § 2699(f)(2); and a penalty of $3,825, or 30 days' pay for Plaintiff (Notice of Removal ¶ 16 n.3), for waiting time violations, see Cal. Labor Code § 256. Although Plaintiff also sought attorneys' fees, Defendant failed to provide even an estimate of their amount. The Court therefore does not include attorneys' fees in its calculation. See, e.g., Steenhuyse v. UBS Fin. Servs., Inc., 317 F. Supp. 3d 1062, 1072-73 (N.D. Cal. 2018).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7435 PA (AFMx) | Date | November 9, 2018 |
|---|---|---|---|
| Title | Nicole D. Lester v. Orchard Supply Company, LLC, et al. | | |

consented to the dismissal of the only causes of action over which the Court had original jurisdiction under CAFA. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's PAGA cause of action. See 28 U.S.C. § 1367(c)(3); Krpekyan v. Travelers Commercial Ins. Co., No. CV 18-2166-MWF (JCx), 2018 WL 4007081, at *2 (C.D. Cal. Aug. 20, 2018) (declining supplemental jurisdiction over individual claims after dismissal of class claims upon which removal under CAFA was premised, and remanding action to state court). This action is remanded to the Los Angeles County Superior Court, Case No. BC708538.

    IT IS SO ORDERED.